HAYNES, Circuit Judge, dissenting:
I respectfully dissent from the determination to grant a panel rehearing and affirm, rather than reverse, the district court. I agree with the majority opinion up until the issue of the implicit juror bias; at that point, I diverge.
Certainly the issue of implicit bias has caused some disagreement among the circuits. But I conclude that we are bound by Brooks v. Dretke , 418 F.3d 430 (5th Cir. 2005) which does not conflict with Andrews v. Collins , 21 F.3d 612 (5th Cir. 1994) for the reasons stated in Morales v. Thaler , 714 F.3d 295, 304 n.7 (5th Cir. 2013). While Andrews does initially contain conflicting language regarding whether the Supreme Court has ever explicitly adopted the doctrine of implied juror bias, the decision (like the majority opinion here) ultimately focused on Justice O'Connor's concurring opinion in Smith v. Phillips , 455 U.S. 209, 222, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), describing the "extreme situations that would justify a finding of implied bias." 21 F.3d at 620. Given the lack of actual conflict, we are bound by Brooks .
Turning to the facts of this case, the majority opinion concludes that Uranga's situation is not sufficiently "extreme"[1] to warrant relief. I respectfully disagree. The jury in this case was tasked with determining a sentence for Uranga. As part of the sentencing phase of the trial, the prosecution introduced the videotape in question of a car chase that rips through the juror's lawn. In closing argument, the prosecution describes Uranga's criminal history and specifically mentions the car chase immediately before stating: "I'm asking that you, with this history, give him a life sentence." The jury did so.
Our original opinion correctly determined that this situation was sufficiently extreme to warrant relief holding:
The videotape offered by the State during the punishment phase of Uranga's trial clearly showed that Uranga had damaged the juror's lawn during the car chase. Although the resulting property damage may have been minimal, the damage nonetheless was personal to the juror, as it affected the premises of his home. Moreover, the juror was unaware of how the damage had been caused and learned, for the first time, upon viewing the videotape during the punishment phase of trial that Uranga was the perpetrator of the damage. We believe that these particular facts "inherently create[d] in [the] juror a substantial emotional involvement, adversely affecting [his] impartiality" toward *290 Uranga.[2] We conclude that this case presents one of those "extreme situations" in which we are justified in finding a violation of the Sixth Amendment based on implied juror bias. Consequently, although Uranga's conviction for possession of methamphetamine must stand, his sentence of life imprisonment cannot, at this point.
Uranga v. Davis , 879 F.3d 646, 653 (5th Cir. 2018)[3] . The juror in this very case was a victim of this very defendant in a crime deemed relevant by the prosecution to sentencing this defendant to life. Pretty extreme, it seems to me. I would deny the petition for panel rehearing and stand with the original opinion. Because the majority opinion determines otherwise, I respectfully dissent.

The state court never addressed this issue factually, having erroneously concluded that the law did not permit an implicit bias analysis.

See Solis v. Cockrell , 342 F.3d 392, 399 (5th Cir. 2003) (internal quotation marks and footnote omitted).

This is the opinion vacated by the majority opinion here.